William J. Keegan
California State Bar No. 83467
Attorney for Plaintiff
THE KEEGAN LAW FIRM
160 West Santa Clara St., Suite 1025
San Jose, California   95113
(408) 293-6999

Michael P. McGovern
Attorney for Plaintiff, *Pro Hac Vice*
AYRES & PARKEY, ATTORNEYS
708 South Gay Street
Knoxville, Tennessee  37901
(865) 637-1181

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOW SERVICE, INC., and<br>LORETTA AUGUSTINE,<br><br>       Plaintiffs,<br><br>    v.<br><br>CITY OF SAN JOSE, CALIFORNIA,<br>MARK BENNETT, San Jose Police Officer,<br>and WILLIAM M. LANSDOWNE, San Jose<br>Chief of Police,<br><br>       Defendants. | Civil Action No.  C02 05974 HRL<br><br><br>TEMPORARY RESTRAINING<br>ORDER<br><br><br>Date:     January 2, 2003<br>Time:<br>Place: |

This cause came to be heard on this the 2nd day of January, 2003.  William J. Keegan appeared for the moving party Plaintiffs; and Angelique Gaeta appeared for the named Defendants.   It appears from the Verified Complaint and the Motion for Temporary Restraining Order and/or Preliminary Injunction that the rights of the Plaintiffs are being or will be violated by the Defendants' actions, as set forth more specifically in the Verified Complaint, and it further appears that the Plaintiffs will suffer immediate and irreparable injury, loss, or damage before a full hearing can be had on his application for a Permanent

Injunction.

It is, therefore, **ORDERED** that:

A.    The City of San Jose is temporarily restrained and enjoined from enforcing the

following provisions of the San Jose Municipal Code:

a.    Section 6.66.040, requiring a person to obtain a permit prior to operating a Tow-Car within the City; providing for a fee to obtain a permit; and requiring permit holders to pay for and display a registration sticker.

b.    Section 6.66.060, relating to the application for Tow-Car permits.

c.    Sections 6.66.070 through 6.66.090, relating to the issuance or denial of business assistant permits.

d.    Section 6.66.100, relating to permit applications.

e.    Section 6.66.110, relating to permit fees.

f.    Sections 6.66.120 and 6.66.120, relating to background investigations of permit applicants.

g.    Section 6.66.150, relating to temporary permits.

h.    Section 6.66.160, relating to temporary permits.

i.    Section 6.66.170, relating to the issuance of permits.

j.    Sections 6.66.180 through 6.66.190, relating to denial or suspension of permits.

k.    Sections 6.66.200 through 6.66.220, relating to hearings and appeals.

l.    Section 6.66.225, which makes it unlawful for a tow-car permittee to allow a person with a suspended permit to be present on the permittee's business.

m.    Section 6.66.240A, which requires a tow-car operator wishing to engage in towing trespassing vehicles from private property to submit a special application to the Chief of Police.

n.    Section 6.66.240B2, which requires tow-car operators to contact the police department auto desk within twenty minutes after departing a private property with a towed vehicle.

o.    Section 6.66.240B3, which requires tow-car operators to obtain a signed tow receipt or similar document from the owner or agent of the private property upon which a trespassing vehicle is parked prior to taking possession of the trespassing vehicle.  Such document must remain in the office of the tow-car company for a minimum of thirty days and be available for inspection upon request

by the owner of the vehicle and/or the Chief of Police.

p.      Section 6.66.240B4B, which requires tow-car operators to be available on an on-call basis to release towed vehicles from the impound yard within twenty-five minutes of receiving a call from the vehicle owner or police department.

q.      Sections 6.66.250B, which requires tow-car operators to display a notice that advises the public that their tow-car permits and the names and addresses of the persons/property owners who direct removal of trespassing vehicles are available for review upon request.

r.      Section 6.66.290D, which requires tow-car operators to accept personal checks and credit cards for payment of towing and storage fees.

s.      Section 6.66.300, which requires tow-car operators to provide a pay telephone or a business telephone within the tow-car business office for use by vehicle owners.

t.      Section 6.66.310C, which requires tow-car operators to cease towing of a trespassing vehicle if the owner or person in lawful control of the vehicle declares his opposition to the removal.

u.      Section 6.66.320, which imposes certain recordkeeping requirements on tow-car operators.

v.      Section 6.66.330, which requires tow-car operators to display a sign in their place of business stating that checks and credit cards are accepted and that the City towing liaison unit may be called with complaints.

B.      The City of San Jose is temporarily restrained and enjoined from continuing the pending administrative hearing, more fully described in the Verified Complaint.

C.      The City of San Jose, its employees or agents, are temporarily restrained and enjoined from preventing Plaintiffs from operating a towing, or tow-car, business within the City of San Jose, or hooking up or delivering any vehicles within the City of San Jose, without permits issued by the San Jose Police Department.

ORDERED this the 2nd day of January, 2003, at _____ a.m./p.m.

_____
United States District Judge